BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
MAR 11 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE AIR CRASH DISASTER NEAR )
NATCHITOCHES PARISH, LOUISIANA, )
ON SEPTEMBER 20, 1973 )

DOCKET NO. 193

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER *,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

On September 20, 1973, an airplane owned and operated by Bromley Corporation crashed into a tree on takeoff from the Natchitoches, Louisiana, Municipal Airport. Several people perished as a result of the crash. Three actions arising from the incident are currently pending in two different districts, two in the Western District of Louisiana and one in the Northern District of Texas.[1/]

The Texas action and one of the Louisiana actions were filed by relatives or personal representatives of various decedents

---

* Although Judges Wisdom, Weinfeld, Becker and Lord were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

1/ There was formerly another action arising from this crash pending in the Northern District of Illinois. That action was dismissed by the Illinois court shortly after the Panel hearing.

against Bromley and Mustang Aviation, Inc. The two complaints are substantially identical, containing allegations that Variety Theater International, Inc. and defendant Mustang entered into a contract under which the latter was obligated to provide one of its airplanes and a pilot to safely transport the decedents to various locations and that after the contract was executed, and without Variety's knowledge or permission, defendant Mustang agreed with defendant Bromley to have defendant Bromley carry out the contract. It is further alleged that the two defendants have a parent-subsidiary relationship and are jointly and severally liable for the negligent operation of the aircraft.

The other Louisiana action was instituted by relatives or personal representatives of various decedents against the City of Natchitoches, which owns and maintains the airport where the accident occurred, and Clothilde Prudhomme Hughes, who owns property adjoining the airport. Plaintiffs allege that these defendants were negligent in failing to cut down, mark, or otherwise advise pilots of certain trees that were situated near the end of the runway and into which the ill-fated aircraft crashed.

Defendant Mustang has moved the Panel for an order transferring the Louisiana actions to the Northern District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action pending there. Only defendant Natchitoches opposes transfer of its action. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.

- 3 -

Movant contends that these actions involve many common questions of fact and that Section 1407 treatment will provide the most efficient and convenient method of handling them. We recognize that two of the actions involve common factual issues, but we are not persuaded that the overall convenience of the parties and witnesses and the just and efficient conduct of this particular litigation will be enhanced by a Section 1407 transfer.

Initially, we observe that the Louisiana action involving defendants Natchitoches and Hughes is only peripherally related to the other two actions and raises questions of fact that are substantially different from those actions. The <u>Natchitoches</u> action focuses on the alleged negligence of defendants Natchitoches and Hughes in failing to cut down or mark the trees near the end of the runway, whereas the other two actions involve the alleged intercorporate relationship of defendants Mustang and Bromley and their alleged knowledge of the physical mental condition of the pilot. Consequently, nothing can be gained by including the <u>Natchitoches</u> action in coordinated or consolidated pretrial proceedings with the rest of the litigation.

Since this leaves only two actions sharing common questions of fact, we find it difficult to justify transfer. <u>See</u> <u>In re Air Crash Disaster at Anchorage, Alaska, on November 27, 1970</u>, 342 F. Supp. 755, 756 (J.P.M.L. 1972). Moreover, because the defendants are the same in these two actions and the plaintiffs have identical interests in processing the issue of liability,

- 4 -

any possibility of duplicative discovery can easily be avoided through cooperative efforts among the parties. For example, plaintiffs could file notices for a particular deposition in both the Louisiana and Texas district courts, thereby making the deposition applicable in each jurisdiction. The parties could also seek a stipulation that all discovery may be used in all actions. Thus, we believe that suitable alternatives to a Section 1407 transfer are available to the parties in this litigation.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

| SCHEDULE A | DOCKET NO. 193 |
|---|---|

### WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Donna M. Merritt, etc. v. The Bromley Corp. d/b/a Roberts Airways, et al. | Civil Action No. 74-858 |
| Ingrid Croce, etc. v. City of Natchitoches, et al. | Civil Action No. 74-884 |

### NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Ingrid Croce, et al. v. The Bromley Corp., et al. | Civil Action No. 3-74-843-B |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER NEAR )
NATCHITOCHES PARISH, LOUISIANA, )   DOCKET NO. 193
ON SEPTEMBER 20, 1973 )

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER *,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

On September 20, 1973, an airplane owned and operated by Bromley Corporation crashed into a tree on takeoff from the Natchitoches, Louisiana, Municipal Airport. Several people perished as a result of the crash. Three actions arising from the incident are currently pending in two different districts, two in the Western District of Louisiana and one in the Northern District of Texas.1/

The Texas action and one of the Louisiana actions were filed by relatives or personal representatives of various decedents

---

* Although Judges Wisdom, Weinfeld, Becker and Lord were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

1/ There was formerly another action arising from this crash pending in the Northern District of Illinois. That action was dismissed by the Illinois court shortly after the Panel hearing.

- 2 -

against Bromley and Mustang Aviation, Inc. The two complaints are substantially identical, containing allegations that Variety Theater International, Inc. and defendant Mustang entered into a contract under which the latter was obligated to provide one of its airplanes and a pilot to safely transport the decedents to various locations and that after the contract was executed, and without Variety's knowledge or permission, defendant Mustang agreed with defendant Bromley to have defendant Bromley carry out the contract. It is further alleged that the two defendants have a parent-subsidiary relationship and are jointly and severally liable for the negligent operation of the aircraft.

The other Louisiana action was instituted by relatives or personal representatives of various decedents against the City of Natchitoches, which owns and maintains the airport where the accident occurred, and Clothilde Prudhomme Hughes, who owns property adjoining the airport. Plaintiffs allege that these defendants were negligent in failing to cut down, mark, or otherwise advise pilots of certain trees that were situated near the end of the runway and into which the ill-fated aircraft crashed.

Defendant Mustang has moved the Panel for an order transferring the Louisiana actions to the Northern District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action pending there. Only defendant Natchitoches opposes transfer of its action. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.

Movant contends that these actions involve many common questions of fact and that Section 1407 treatment will provide the most efficient and convenient method of handling them. We recognize that two of the actions involve common factual issues, but we are not persuaded that the overall convenience of the parties and witnesses and the just and efficient conduct of this particular litigation will be enhanced by a Section 1407 transfer.

Initially, we observe that the Louisiana action involving defendants Natchitoches and Hughes is only peripherally related to the other two actions and raises questions of fact that are substantially different from those actions. The Natchitoches action focuses on the alleged negligence of defendants Natchitoches and Hughes in failing to cut down or mark the trees near the end of the runway, whereas the other two actions involve the alleged intercorporate relationship of defendants Mustang and Bromley and their alleged knowledge of the physical mental condition of the pilot. Consequently, nothing can be gained by including the Natchitoches action in coordinated or consolidated pretrial proceedings with the rest of the litigation.

Since this leaves only two actions sharing common questions of fact, we find it difficult to justify transfer. See In re Air Crash Disaster at Anchorage, Alaska, on November 27, 1970, 342 F. Supp. 755, 756 (J.P.M.L. 1972). Moreover, because the defendants are the same in these two actions and the plaintiffs have identical interests in processing the issue of liability,

any possibility of duplicative discovery can easily be avoided through cooperative efforts among the parties. For example, plaintiffs could file notices for a particular deposition in both the Louisiana and Texas district courts, thereby making the deposition applicable in each jurisdiction. The parties could also seek a stipulation that all discovery may be used in all actions. Thus, we believe that suitable alternatives to a Section 1407 transfer are available to the parties in this litigation.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

SCHEDULE A                                                         DOCKET NO. 193

### WESTERN DISTRICT OF LOUISIANA

Donna M. Merritt, etc. v. The Bromley           Civil Action
Corp. d/b/a Roberts Airways, et al.             No. 74-858

Ingrid Croce, etc. v. City of Natchi-           Civil Action
toches, et al.                                  No. 74-884

### NORTHERN DISTRICT OF TEXAS

Ingrid Croce, et al. v. The Bromley             Civil Action
Corp., et al.                                   No. 3-74-843-B