JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 10 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER NEAR )
NATCHITOCHES PARISH, LOUISIANA, )   DOCKET NO. 193
ON SEPTEMBER 20, 1973 )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

On September 20, 1973, an airplane owned and operated by Bromley Corporation crashed into a tree on takeoff from the Natchitoches, Louisiana, Municipal Airport. Several people died as a result of the crash.

On March 11, 1975, the Panel issued an opinion and order determining the propriety of transfer pursuant to 28 U.S.C. §1407 of three actions arising from the crash.[1] The Panel denied the requested transfer finding that one of the actions was only peripherally related to the other two

---

[1] In re Air Crash Disaster Near Natchitoches Parish, Louisiana, on September 20, 1973, 391 F. Supp. 765 (J.P.M.L. 1975). The complaints in two of the actions then before us contained allegations that Variety Theater International, Inc. and defendant Mustang Aviation, Inc. entered into a contract under which the latter was obligated to provide one of its airplanes and a pilot to safely transport the decedents to various locations and that after the contract was executed, and without Variety's knowledge or permission, defendant Mustang agreed with defendant Bromley to have Bromley carry out the contract. Plaintiffs alleged that the two defendants were jointly and severally liable for the negligent operation of the aircraft. Id. at 766. The third action focused on the alleged negligence of the City of Natchitoches and the owner of a parcel of land adjacent to the airport in failing to cut down, mark or otherwise advise pilots of certain trees which were situated near the end of the runway and into which the aircraft crashed. Id.

- 2 -

and that, since only two actions were therefore candidates for Section 1407 proceedings, suitable alternatives to coordinated or consolidated pretrial proceedings existed.

Presently before the Panel are four actions arising out of this same disaster, none of which has previously been considered for transfer under Section 1407. These actions are pending in three different districts: two in the Northern District of Illinois, one in the Central District of California and one in the District of New Jersey. Plaintiffs allege that the United States, the sole defendant in each action, through its agent, the Federal Aviation Administration, was negligent by issuing a master record or plan or map of the Natchitoches Airport which failed to list as an obstruction the tree into which the airplane involved crashed. Defendant United States has moved for transfer of the actions to the Western District of Louisiana for Section 1407 proceedings. All responding plaintiffs recognize the need for centralized pretrial proceedings but oppose the Western District of Louisiana as the transferee forum.

We find that these actions involve common questions of fact and that their transfer to the Western District of Louisiana will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

- 3 -

As is often the case in air disaster litigation, the only real issue in dispute among the parties is the location of the appropriate transferee forum. See, e.g., In re Air Crash Disaster at Florida Everglades on December 29, 1972, 360 F. Supp. 1394 (J.P.M.L. 1973). Plaintiffs argue that the Western District of Louisiana would be an inconvenient transferee court because of its relative geographic inaccessibility and because they suspect that the deposition discovery of the United States will likely not occur in Louisiana. They suggest that the Northern District of Illinois might be a reasonable mid-way transferee court for all parties concerned. Movant United States, on the other hand, urges transfer to the Western District of Louisiana since it contains the situs of the crash and, as a result, is the logical focal point for discovery.

While we understand plaintiffs' concern over the difficulty of traveling to and from the Western District of Louisiana, we are led inescapably to the conclusion that, inasmuch as that district is where the accident occurred, a substantial amount of the relevant discovery will take place there. Plaintiffs would therefore have to bear the expense of frequent trips by their counsel to Louisiana even if the actions were not transferred there. Thus, we see no reason to deviate from our general rule that the most efficient and expeditious resolution of domestic air disaster

- 4 -

litigation can normally be best achieved by transferring all actions to the district of the situs of the crash. See, e.g., In re Air Crash Disaster Near Upperville, Virginia, on December 1, 1974, 393 F. Supp. 1089, 1090 (J.P.M.L. 1975); In re Delta Airlines Crash at Boston, Massachusetts, on July 31, 1973, 373 F. Supp. 1406, 1407 (J.P.M.L. 1974).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A be, and the same hereby are, transferred to the Western District of Louisiana and, with the consent of that court, assigned to the Honorable Benjamin C. Dawkins, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

| SCHEDULE A | DOCKET NO. 193 |
|---|---|

### DISTRICT OF NEW JERSEY

| Maurice J. Muehleisen, et al. v. United States of America | Civil Action No. 75-765 |
|---|---|

### NORTHERN DISTRICT OF ILLINOIS

| Adolph Rast, et al. v. United States of America | Civil Action No. 75C-2787 |
|---|---|
| Linda Cortese, etc. v. United States of America | Civil Action No. 75C-2786 |

### CENTRAL DISTRICT OF CALIFORNIA

| Ingrid Croce, etc. v. United States of America | Civil Action No. 75-1939-JWC |
|---|---|